UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN SHARP | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| ALISA MARTINEZ, CELADON TRUCKING SERVICES, INC. AND AON RISK SERVICES SOUTHWEST, INC. | MAGISTRATE JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA

PARISH OF ORLEANS

### AFFIDAVIT

BEFORE ME, the undersigned authority, appeared

### MEGAN S. PETERSON

who, after being duly sworn by me did state as follows:

1. I am counsel for defendants, Celadon Trucking Services, Inc. ("Celadon") and Alisa Martinez.

2. On May 14, 2019, Justin Sharp ("Plaintiff"), filed suit in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, against Alisa Martinez ("Martinez"), Celadon Trucking Services, Inc. ("Celadon"), and Aon Risk Services Southwest, Inc. ("Aon") to recover damages for injuries allegedly sustained in a motor vehicle accident alleged to have occurred on May 21, 2018. *See* **Exhibit B**, Petition for Damages.

3. No affidavit for proof of service appears in the record for either Celadon or Martinez. *See* **Exhibit D**, State Court Record.

4. On information and belief, the Petition and Citation were served on Celadon on June 4, 2019, via the Louisiana Long Arm Statute.

**EXHIBIT A**

5. On information and belief, the Petition and Citation were served on Aon on June 12, 2019.

6. In the Petition, Plaintiff alleges only general injuries as a result of the accident. Specifically, he alleges that he has suffered "sustained physical and mental injuries . . . , including, but not limited to, bodily injuries, headaches, general soreness to the body as a whole, pain in the neck, pain in the back, cervical injuries, thoracic injuries, lumbar injuries, ligament injuries, muscle injuries, and spinal injuries; as well as all other damages to be proven at the trial of this matter." *See* **Exhibit B**, Petition for Damages ¶ 8.

7. In the Petition, Plaintiff also alleges that he is entitled to general categories of damages including:

> Past, present and future physical pain and suffering, and inconvenience; Past, present and future mental pain and suffering, anxiety and embarrassment; Past, present, and future doctor, hospital, physical therapy, mental therapy, and medical care provider expenses; Past, present and future cost of rehabilitation; Past, present and future functional and anatomical disability; Past, present and future loss of enjoyment of life; Loss of consortium, affection, service, and society; Disfigurement; Inability to engage in and enjoy personal, social and recreational activities; Past, present and future lost earnings and lost earning capacity; and Any and all other damages to be proven at the trial of this matter.

*See* **Exhibit B**, Petition for Damages ¶ 9.

8. Plaintiff also requested a trial by jury, for which the amount in controversy threshold is at least $50,000. *See* **Exhibit B**, Petition for Damages ¶ 16.

9. On June 21, 2019, the undersigned received courtesy medical records and bills from counsel. *See* **Exhibit A-1**, June 21, 2019 Email from Counsel. Included in the production was correspondence from Dr. Peter Liechty to counsel for Plaintiff,

00759507-3

2

noting that Plaintiff is being scheduled for an L4-5 and L5-S1 fusion procedure. *See* **Exhibit A-2**, Dr. Liechty Report. Dr. Liechty also provided a surgical estimate in the total amount of $65,745.00. *See* **Exhibit A-3**, One Spine Institute Surgical Estimate.

10. With the medical records, Plaintiff provided past medical specials totaling $79,325.75. These past medical expenses include treatment for a lumbar radiofrequency ablation, lumbar medial branch block, lumbar epidural steroid injection, and lumbar discogram.

11. Defendants were first placed on notice that the amount in controversy exceeds $75,000, exclusive of interests and costs, on June 21, 2019, upon receipt of Plaintiff's medical records and bills evidencing past medical specials alone in excess of $75,000 and continuing future treatment to involve a recommended lumbar fusion.

12. This notice of removal is being filed within thirty (30) days of receipt of "other paper" evidencing that diversity jurisdiction is satisfied.

13. Further, the undersigned received consent from Aon to remove the subject action to this Honorable Court.

14. The foregoing is true and correct to the best of my knowledge.

_____
MEGAN S. PETERSON

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 19th DAY
OF JULY, 2018.

_____
NOTARY PUBLIC

DAVID M. SCHROETER
LOUISIANA BAR # 36009
NOTARY PUBLIC # 139976
MY COMMISSION IS ISSUED FOR LIFE

3